■ In the Matter of ALBERT FAM, Respondent, v. FRANK SHAPIRO et al., Appellants.— In a proceeding by a property owner under article VIII (§ 170 *et seq.*) of the Highway Law, to lay out and open an addition to a certain public highway in the Town of Hempstead, in which the condemnation commissioners appointed in the proceeding for the purposes set forth in the statute (§ 173), by their decision rendered March 26, 1962 after hearings, determined that the proposed addition was necessary and proper and assessed the resulting damages, the four objectants Shapiro and Ritterman (contiguous property owners) and the objectant town appeal from an order of the County Court, Nassau County, entered July 20, 1962, which, *inter alia*: (1) granted the applicant's motion to confirm the commissioners' decision; (2) affirmed the damage awards made by the commissioners; and (3) denied the cross motion of the individual objectants to vacate such decision. Order reversed on the law and on the facts, with one bill of costs to the individual objectants and one bill of costs to the objectant town; applicant's motion to confirm the commissioners' decision denied and cross motion of the individual objectants to vacate the decision granted, with $50 costs to said objectants; and proceeding dismissed. Findings of fact contained or implicit in the decisions at Special Term which may be inconsistent herewith are reversed, and new findings are made as indicated herein. The record discloses that prior to this proceeding a developer had constructed a street which terminated in a cul-de-sac, consisting of a circle. The present applicant had no interest in the street or the dwellings abutting it which had been sold by the developer. The applicant owns a parcel on which he lives. Its north line touches a southerly portion of the circled cul-de-sac. He has independent access to and from his parcel by means of a passageway 21 feet wide to a highway to the east. He has also obtained an easement of at least 10 feet so as to effect even vehicular passage to the circle through parts of lots which had been sold by the developer to the individual objectants. By the order here appealed from, the applicant would acquire at public expense access of 50 feet to the circle, resulting in a taking from the individual objectants of a triangular parcel on each side of the spot at which the applicant's lot touches the circle. The applicant attempted to show that Adams Street, with which the proposed addition would connect, has never been legally constituted a public highway. Such attempt, if successful, would require dismissal of the application since the proposed taking would then create two small triangles in the midst of private property. The acquisition by condemnation of the subject damage parcels would serve only to augment the applicant's existing access. Under all the circumstances, the proposed taking is, in our opinion, neither necessary nor for a public purpose. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.